IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY R. FOX, a/k/a ROBERT MARVIN FOX, JR., | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV 109-037 |
| CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT IN AND FOR POLK COUNTY, FLORIDA; BILL MCCOLLUM, Attorney General for the State of Florida; CHARLIE CRIST, Governor of Florida; VICTOR WALKER, Warden; and ALETHEA BROWN, | ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed the above-captioned petition ostensibly pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.[1]

### I. BACKGROUND

According to Petitioner, he was convicted in Florida on charges he does not disclose and sentenced to 12 years of probation. (Doc. no. 1, p. 4). "During a period of psychosis and

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243.

paranoia," Petitioner apparently fled his residence in Florida and came to Georgia, which constituted a violation of one of the terms of his probation that he not move from an approved residence without the permission of his probation officer. (Id.). While residing in Georgia, Petitioner was convicted of multiple child molestation charges and sentenced to 13 years of imprisonment. (Id.). As noted above, he is currently incarcerated at ASMP.

Petitioner goes on to state that on January 4, 2000, the state of Florida lodged a detainer against him for violating his probation. (Id.). He contends that this detainer is affecting his eligibility for parole, work release, and placement in a halfway house, along with his security classification and his ability to participate in educational and rehabilitation programs. (Id. at 5). He also contends that Respondents have violated the Interstate Agreement on Detainers Act ("IADA"), Pub. L. 91-538, 84 Stat. 1397, and the Speedy Trial Act, Pub. L. 93-619, 88 Stat. 2076, by failing to prosecute him on the probation violation charge within 180 days of his request that the charge be resolved. (Id. at 5-6). He has apparently tried to resolve this issue by filing various motions and contacting various officials and departments in Florida, to no avail. (Id. at 5; doc. no. 3, p. 3). As relief, Petitioner requests that the Court dismiss the detainer and that the Georgia Department of Corrections ("GDOC") remove the detainer from his file. (Doc. no. 1, p. 8).

## II. DISCUSSION

This Court is without jurisdiction to consider Petitioner's request for dismissal of the detainer lodged by Florida officials or removal from his GDOC file. First, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal

2

remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Petitioner is not challenging the fact or duration of his confinement. Rather, he is simply seeking removal of a detainer, and thus his request for habeas corpus relief in a § 2241 petition is improper. Moreover, a § 2241 petition is not the proper avenue for seeking removal of a detainer, which is "a request by a criminal justice agency with the institution in which a prisoner is incarcerated asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985). Rather, the proper remedy for seeking removal of a detainer lodged by the state of Florida is mandamus, asking "whoever who lodged the detainer . . . to remove it." Perkins v. State, 766 So.2d 1173, 1175 (Fla. App. 2000). Moreover, the petition for mandamus relief must be filed "in the circuit court having jurisdiction over the person who has lodged the detainer." Id. (citing State v. Parks, 113 So. 702 (1927)). Thus, if Petitioner wishes to obtain removal of the detainer lodged by the State of Florida, he must file a petition for mandamus in the county that lodged the detainer against him.

To the extent Petitioner alleges that his rights under the IADA have been violated, even if this Court had jurisdiction to consider the petition, this claim would still provide no basis for relief. To begin, it will be helpful to summarize the relevant provisions of the IADA. Under Article III of the IADA,

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he . . . [has caused] to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's

3

> jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint . . . .

18 U.S.C. App. 2, § 2.

Florida and Georgia are both parties to the IADA. See Hurst v. Hogan, 435 F. Supp. 125, 126 (D.C. Ga. 1977). However, the Supreme Court has held that the IADA is inapplicable to detainers based on probation violation charges. Carchman, 473 U.S. at 725. In so holding, the Court noted that the language of Article III "makes clear that the phrase 'untried indictment, information or complaint' . . . refers to criminal charges pending against a prisoner." Id. However, a probation violation charge, "which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution," does not come within the scope of the IADA. Id. Accordingly, even if the petition was properly before this Court, Petitioner would still have failed to state a claim for relief, as the IADA does not apply to detainers based on probation violation charges.[2]

Finally, to the extent Petitioner claims that the existence of the detainer is affecting the conditions of his confinement, even if the Court were to liberally construe the petition as a civil rights complaint filed pursuant to 42 U.S.C. § 1983, the claims would not provide a basis for relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*) (requiring pleadings drafted by *pro se* litigants to be liberally construed); cf. Fugate v. Dep't of Corr.,

---

[2]To the extent Petitioner alleges that his rights under the Speedy Trial Act were violated, the Eleventh Circuit has stated that "[t]he protections of the Speedy Trial Act do not apply until formal federal charges are pending . . . ." United States v. Lamb, 214 Fed. App'x 908, 912 n.2 (11th Cir. Jan. 18, 2007) (citing United States v. Sanchez, 722 F.2d 1501, 1509 (11th Cir. 1984)). As Petitioner is not challenging a federal charge in a criminal proceeding, but rather a detainer based on a state probation violation charge in a civil action, the Speedy Trial Act does not afford him a basis for relief.

4

301 F.3d 1287, 1288 (11th Cir. 2002) (*per curiam*), cert. denied, 536 U.S. 980 (2002) (utilizing the repeatedly recognized practice of looking beyond the title of a document in order to properly analyze its substance to find that an action ostensibly brought pursuant to § 1983 was properly construed as a petition for writ of habeas corpus).

Petitioner contends that the detainer lodged against him is affecting his eligibility for parole, work release, and placement in a halfway house, along with his ability to participate in educational and rehabilitation programs. However, Petitioner has no due process liberty interest in early release. See, e.g., Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998). Furthermore, a prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Nor does he have a constitutionally protected interest in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), or an "equal protection" interest in eligibility for assignment to halfway houses, McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999). To the extent Petitioner claims that the detainer is affecting his security classification, there is similarly no "constitutionally protected liberty interest" in being classified at a certain security level. Kramer v. Donald, 286 Fed. App'x 674, 676 (11th Cir. July 17, 2008); see also Moody, 429 U.S. at 88 n.9 (noting that prison officials have discretion in overseeing the conditions of confinement, including prisoner classification). Accordingly, even if the Court were to consider the petition based the detainer's effect on the conditions of Petitioner's confinement, Petitioner would still fail to state a claim for relief.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of June, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE